829 So.2d 722 (2002)
A.D. McLEOD, Appellant,
v.
Robert JACKSON, Sr., Appellee.
No. 2001-CP-01052-COA.
Court of Appeals of Mississippi.
October 29, 2002.
*723 A.D. McLeod, pro se, attorney for appellant.
S. Robert Hammond, Hattiesburg, Amanda Clearman Waddell, attorneys for appellee.
Before McMILLIN, C.J., MYERS and CHANDLER, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Summary judgment was entered against A.D. McLeod on his claim of legal malpractice and fraud against Robert Jackson, Sr. On appeal, McLeod presents an affidavit not filed with the circuit court and asks that we consider it as a basis to reverse summary judgment. Since nothing in opposition to summary judgment was presented at trial and new information on appeal is unusable, we can only affirm.

I.

Facts
¶ 2. On May 1, 1996, A.D. McLeod hired Robert Jackson, Sr., as his attorney to assist him in forming a limited liability company with Michael Albanese and B.W. Smith Corporation, called Preferred Bedding, LLC. Jackson drafted the LLC agreement and advised the parties on legal issues. What was not completed was any writing setting out the contributions of each member. McLeod asserts that this absence has caused him financial harm since his disproportionately large investment is not reflected on any documents. He alleges that subsequent litigation over the company has been a direct result of Jackson's malpractice. Jackson prepared a document on which this information was *724 to appear, advised his clients regarding it, but it was never completed by those who formed the company. According to Jackson, one client opposed doing so.
¶ 3. In the record is a letter, dated May 3, 1996, that McLeod wrote to Albanese. McLeod wrote that Jackson instructed that each partner fill out on a form the amount of their contributions to the company. McLeod listed in the letter what he believed were his contributions. He requested that Albanese do likewise. However, at a meeting between McLeod, Albanese and Jackson prior to filing the agreement, Albanese informed Jackson that he did not want to include his contributions. Jackson told Albanese that including the contributions in the formation agreement was not necessary. Jackson then filed the agreement with the Mississippi Secretary of State without the contribution provisions included.
¶ 4. There is not much information in the record regarding later events, other than it is evident that business and relationships were poor. In 1999, McLeod filed this suit against Jackson, alleging negligence and fraud in failing to comply with the statutory requirements of forming an LLC. McLeod claimed to have suffered damages as a result of Jackson's negligence because his share of the company was not reflected on any agreement with the other owners.
¶ 5. In due course, Jackson moved for summary judgment. In his motion, Jackson included an affidavit by Francis Turner, an attorney who practices extensively in the formation of LLC's. Turner supported Jackson's assertion that no legal negligence had occurred and that Jackson had abided by the provisions set forth in applicable statutes. Jackson asserted that he had not failed in his duties to McLeod merely because he abided by his client's wishes not to include this provision in the formation agreement. Those duties will be discussed below.
¶ 6. The summary judgment motion was granted on April 13, 2001. The court found that nothing disputed Jackson's evidence that he had complied with the standard of care.
¶ 7. McLeod proceeded below and now on appeal without counsel. His brief does not identify specific issues that he finds should cause reversal. Yet what is obvious from his brief is that the fundamental question for which he seeks our answer is whether Jackson was negligent in what he did on McLeod's behalf. We will analyze that question in light of the record before us.

II.

Discussion
¶ 8. Summary judgment is granted by one judge after examining the affidavits and other written evidence that was presented on the motion. Both because of the conclusiveness of that decision and because everything on which the trial judge has relied is presented in the same form to the appellate court, review gives no deference to the initial decision. We examine all the evidence and argument afresh. Townsend v. Estate of Gilbert, 616 So.2d 333, 335 (Miss.1993).
¶ 9. The moving party seeks through its affidavits, depositions, and other evidence to present such facts that, if true, would entitle the movant to judgment. The responding party must in timely fashion then demonstrate through acceptable evidence that there is a genuine issue for trial. Fruchter v. Lynch Oil Co., 522 So.2d 195, 199 (Miss.1988). Reliance at that time on the pleadings no longer suffices. The response must present admissible evidence on which a reasonable jury could rely for a favorable verdict. Wilbourn v. Stennett, *725 Wilkinson & Ward, 687 So.2d 1205, 1213 (Miss.1996).

1.

Legal Malpractice
¶ 10. The Mississippi Limited Liability Company Act establishes the requirements for forming such a company. Miss.Code Ann. § 79-29-101 (Rev.2001). A valid LLC is formed when there is filed with the Secretary of State the certificate of formation containing four items specifically mentioned in the statute: 1) the name of the limited liability company; 2) the street and mailing address of the office and agent; 3) if it is to have a date of dissolution, the latest date upon which the company is to dissolve; and 4) a statement explaining whether full or partial management is to be vested in a manager or managers. Miss.Code. Ann. § 79-29-201 (Rev.2001).
¶ 11. The company is formed at that time, but the act also requires that certain documents be kept at the principal place of business at all times, including documentation of "the amount of cash and a description and statement of the agreed value of the other property or services contributed by each member...." Miss.Code Ann. § 79-29-107(1)(d)(i) (Rev.2001). The one exception to this requirement is if the parties have already included this information in their certificate of formation. Miss. Code Ann. § 79-29-107(1)(d) (Rev.2001).
¶ 12. McLeod's claim of legal malpractice is rooted in his belief that Jackson failed in his duties as legal advisor by not including the amount of contributions each partner brought into the LLC in the certificate of formation. In order to recover for legal malpractice, McLeod must show by a preponderance of the evidence that 1) a lawyer-client relationship existed; 2) the lawyer acted negligently in handling the client's affairs; and 3) proximate cause. Wilbourn, 687 So.2d at 1215. Negligence may be proved by showing that Jackson failed in his "duty to exercise the knowledge, skill and ability ordinarily possessed and exercised by the members of the legal profession similarly situated." Id. Furthermore, McLeod has the burden to prove proximate cause by showing that but for Jackson's alleged negligence, he would not have suffered the alleged injury. Rogers v. Eaves, 812 So.2d 208(¶ 14) (Miss.2002). It has also been required that the person alleging malpractice present expert testimony of a legal professional to prove any deviation from the expected standard of care or other basis of the claim. Dean v. Conn, 419 So.2d 148, 150 (Miss.1982).
¶ 13. McLeod proved that a lawyer-client relationship existed. However, he never rebutted in any way the evidence presented by Jackson on summary judgment, including the affidavit of an expert on formation of LLCs, that Jackson's conduct was proper. The affidavit from Francis Turner stated that Jackson met his duty on the point in contention by twice pointing out to the owners of this company that the contributions each were making to the company needed to be set out in writing. Turner stated that once the option was avoided at Albanese's request of including this information with the materials filed with the Secretary of State, it was for the company itself and not its attorney to complete the document that Jackson had given them showing the contributions.
¶ 14. Since McLeod presented no evidence at the trial court to reveal a disputed issue of fact as to Jackson's conduct as an attorney, summary judgment was proper. McLeod's affidavit presented for the first time as part of his appellate brief comes too late. We reach no conclusion as to whether the statements there create a fact issue. We only hold that the affidavit may not be considered.

*726 2.

Fraud
¶ 15. In his brief as in his complaint, McLeod alleges fraud. No details of the fraud are explained, nor are the events, the purpose, or the conspirators, if any. Allegations of fraud must be "stated with particularity." M.R.C.P. 9(b). The particularity includes nine elements: 1) that Jackson made a representation; 2) this representation was false; 3) this falsity was material; 4) Jackson's knowledge of its falsity or ignorance of its truth; 5) Jackson's intent that it should be acted upon by McLeod in the manner reasonably contemplated; 6) McLeod's ignorance of its falsity; 7) McLeod's reliance on its truth; 8) McLeod's right to rely upon it; and 9) McLeod's consequential injury. Levens v. Campbell, 733 So.2d 753 (¶ 35) (Miss.1999).
¶ 16. We find no evidence as to these matters. Thus, summary judgment was proper regarding both the alleged malpractice and the supposed fraud.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.