Willie **BRUMFIELD,** Plaintiff,

v.

**PIONEER CREDIT COMPANY, et al., Defendants.**

No. CIV.A.4:03 CV 144 BN.

United States District Court, S.D. Mississippi, Eastern Division.

Oct. 17, 2003.

Suzanne Griggins Keys, Katrina M. Gibbs, Precious Tyrone Martin, Byrd & Associates, Hiawatha Northington, II, Northington Law Firm, Jackson, MS, for Plaintiffs.

Charles E. Griffin, Griffin & Associates, Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, for Defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the following Motions:

1) the Motion of Plaintiff to Remand; and

2) the Motion of Defendants to Dismiss and to Compel Arbitration.

Having considered the Motions, Responses, attachments to each, and supporting and opposing authority, the Court finds that the Motion to Remand is not well taken and should be denied. In addition, the Court finds that Plaintiff should be given the opportunity to conduct discovery before the Court decides the Motion to Dismiss and to Compel Arbitration.

## I. BACKGROUND AND PROCEDURAL HISTORY [1]

Plaintiff Willie Brumfield procured loans with Defendant Pioneer Credit Company [hereinafter "Pioneer"] on December 23, 1992, May 19, 1995, December 22, 1995, February 17, 1997, November 13, 1997, and June 12, 1998. Defendants David Brown, Chasity Hamrich, and Ben Shirley, who are all agents of Pioneer, each acted as a witness for at least one of these loans.[2] For the June 12, 1998 loan, Plaintiff executed a promissory note containing an arbitration agreement with Defendant Pioneer. In order to receive the loans, Plaintiff was required to purchase credit insurance from Defendant Voyager Life Insurance Company [hereinafter "Voyager"]. Plaintiff claims that the premiums were excessive in comparison to similar products available in the marketplace and that Defendants engaged in insurance packing by increasing Plaintiff's debt.

On or about December 27, 2002, Plaintiff filed his Original Complaint in the Circuit Court of Jasper County, Mississippi against Defendants Pioneer Credit Company and Voyager Life Insurance Company as well as resident agents Charles Hamilton, Doris Barrett, David Brown, Chasity Hamrich, and Ben Shirley.[3] Plaintiff's

---

1. The facts stated in this section of the Opinion were obtained from numerous pleadings submitted by the parties. By including the facts herewith, the Court is not attesting to their truthfulness or accuracy.

2. Defendant David Brown signed the security agreement on December 23, 1993. Defendant Chasity Hamrich signed the security agreement on November 13, 1997. Defendant Ben Shirley signed the security agreement on June 12, 1998. *See* Brief in Support

of Response to Motion to Remand of Voyager Life Insurance Company at 2.

3. When the case was originally filed, Plaintiffs included Geraldine Donald, Willie Brumfield, and Robert Pendleton. The Amended Complaint only involved Plaintiffs Geraldine Donald and Willie Brumfield. On August 7, 2003, this Court entered an Order dismissing Plaintiff Geraldine Donald without prejudice.

claims include breach of fiduciary duty, breach of the implied covenants of good faith and fair dealing, fraud, negligent misrepresentation, civil conspiracy, negligence, and unconscionability. Defendants Pioneer and Voyager, both corporate nonresidents of Mississippi, timely filed their Notice of Removal arguing that the individual Defendants had been fraudulently joined.[4] On April 10, 2003, Defendant Pioneer filed a Motion to Dismiss and to Compel Arbitration. On May 5, 2003, Plaintiff filed a Motion to Remand. Both of these Motions are now ripe for consideration.

## II. FRAUDULENT JOINDER STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending." The removing party has the burden of proving that the federal court has jurisdiction to hear the case. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (holding that the "removing party bears the burden of establishing federal jurisdiction."). In cases in which the removing party alleges diversity of citizenship jurisdiction on the basis of fraudulent joinder, "it has the burden of proving the fraud." *Laughlin*, 882 F.2d at 190; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990), *cert. denied* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). To establish fraudulent joinder, the removing party must prove: "(1) actu-

al fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. Mar.28, 2003)(citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999)); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir.1995); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir.1995).

■ When considering whether a nondiverse defendant has been fraudulently joined to defeat diversity of citizenship jurisdiction, courts should "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *See e.g. Cavallini*, 44 F.3d at 256. *See also LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir.1992) (holding that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment.... A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties"). Under this standard, plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir.2000).

In *Travis*, the United States Court of Appeals for the Fifth Circuit reiterated the standard by which a plaintiff's claims must be analyzed to determine the fraudulent joinder question. The *Travis* court held:

> [T]he court determines whether that party has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts

4. None of the parties dispute that the agents are residents of Mississippi. In addition, they

do not dispute that the amount in controversy exceeds $75,000.

involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical. *Travis,* 326 F.3d at 648 (emphasis in original)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002)). Further, conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392–93 (5th Cir.2000); *Peters v. Metropolitan Life Ins. Co.,* 164 F.Supp.2d 830, 834 (S.D.Miss.2001) (J. Bramlette) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim."). Therefore, removal is not precluded merely because the state court complaint, on its face, sets forth a state law claim against a non-diverse defendant. *See Badon,* 224 F.3d at 390. Removal is proper "if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant." *Id.*

When conducting a fraudulent joinder analysis, a court must resolve all disputed questions of fact and ambiguities of law in favor of the non-removing party, *see Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992), but *"only* when there exists an actual controversy, i.e. when *both* parties have submitted *evidence* of contradictory facts." *Badon,* 224 F.3d at 394 (emphasis in original). A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support his claims against the non-diverse defendant. *Id.* (citing *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)). In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor

of the non-removing party, finds that there is "arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder" and hence no basis for asserting diversity of citizenship jurisdiction. *Jernigan,* 989 F.2d at 816.

▮ In *Smallwood v. Illinois Cent. R.R. Co.,* 342 F.3d 400 (5th Cir.2003), the United States Court of Appeals for the Fifth Circuit addressed the "common defense" theory in the context of cases removed from state court on fraudulent joinder grounds. The *Smallwood* court intimated that if a defense is common to both the non-diverse defendant(s) and the diverse defendant(s), then removal is improper and the case must be remanded. *Id.* at 405–08. That is, where the only basis for a fraudulent joinder claim is a defense equally applicable to all defendants, then removal is improper. *Id.*

However, in *Ross v. Citifinancial, Inc.,* 344 F.3d 458 (5th Cir.2003), a case decided by the Fifth Circuit *after* the *Smallwood* decision was rendered, the court did not address the "common defense" theory. In *Ross,* the court analyzed the following four issues relating to fraudulent joinder:

(1) whether the district court applied the correct standard in holding non-diverse defendants were fraudulently joined; (2) whether, under Mississippi law, an affirmative act is required to toll the statute of limitations for the claims at issue; (3) whether a party may justifiably rely on an oral representation contrary to the terms of a written contract; and (4) whether a fiduciary relationship arises in first party insurance contracts such as those at issue.

*Id.* at 461–62. Although all of these issues apply equally to the diverse and non-diverse defendants, the Fifth Circuit affirmed this Court's finding of fraudulent

joinder. *Id.* at 466–67. Nowhere in the *Ross* opinion does the Fifth Circuit address the "common defense" theory analyzed in *Smallwood.* This Court therefore finds that the scope of the *Smallwood* decision is limited to common defenses falling under the purview of "federal defenses." *See, Smallwood,* 342 F.3d at 408 (finding that "state courts are equally competent to decide *federal defenses.*" (emphasis added)). Accordingly, unless the only grounds for fraudulent joinder is a "federal defense" that is common to all defendants, then the "common defense" theory will not be applied by this Court in the fraudulent joinder analysis.

On August 21, 2003, Illinois Central petitioned the Fifth Circuit for a rehearing *en banc* of the *Smallwood* decision. Pursuant to Rule 41(d)(1), "[t]he timely petition for panel rehearing...stays the mandate until disposition of the petition...." This provides an alternative reason for this Court to refrain from applying the "common defense" theory to the fraudulent joinder analysis.

### III. MOTION TO REMAND ANALYSIS

█ Defendant Pioneer claims that Plaintiff did not have any dealings with any of the individual Defendants named in the Amended Complaint. *See* Brief in Support of Pioneer Credit Company's Response in Opposition to Plaintiff's Motion to Remand at 3. The only resident Defendant that Plaintiff even refers to in his deposition is Chasity Hamrich, who he remembers as a secretary at Pioneer. *See* Willie Brumfield's Depo. at 73, Response of Pioneer Credit Company in Opposition

to Plaintiff's Motion to Remand, Exhibit "B". However, Defendant Voyager acknowledges that Defendants David Brown, Chasity Hamrich, and Ben Shirley each acted as witnesses and signed at least one of Plaintiff's security agreements.[5] *See* Response to Motion to Remand of Voyager Life Insurance Company, Exhibit "A". Defendants in fact presented documents which contained the signatures of Defendants Brown, Hamrich, and Shirley. *See* Loan Documents, Response to Motion to Remand of Voyager Life Insurance Company, Exhibit "A". Defendant Shirley signed a Statement of Financial Condition for the last loan dated June 12, 1998. *See* Loan Documents, Response to Motion to Remand of Voyager Life Insurance Company, Exhibit "A". Therefore, the Court must consider the claims as they relate to Defendants David Brown, Chasity Hamrich, and Ben Shirley. Plaintiff has presented no evidence that Defendants Charles Hamilton and Doris Barrett had any dealings with Plaintiff. Therefore, they must dismissed from this case with prejudice.

Plaintiff Brumfield alleges claims against the resident agents based on breach of fiduciary duties, breach of implied covenants of good faith and fair dealing, fraud, negligent misrepresentation, conspiracy, negligence, and unconscionability.

#### 1. Breach of Fiduciary Duty

Plaintiff claims that the resident agents breached their fiduciary duty by failing to obtain adequate insurance at a fair and reasonable price for Plaintiff. However,

---

**5.** In their Response, Voyager refers to one of the Defendants as "Donald Brown" rather than "David Brown". In the loan document summary, Voyager includes "Donald Brown" as a resident Defendant in the case. *See* Loan Document Summary, Response to Motion to Remand of Voyager Life Insurance Company, Exhibit "A". Since Voyager refers to "Donald Brown" as one of the Defendants, the Court infers that Voyager actually meant Defendant David Brown.

the Mississippi Supreme Court has held that a fiduciary duty must exist before a breach of the duty can occur. *Lowery v. Guaranty Bank & Trust Co.*, 592 So.2d 79, 83 (Miss.1991). This Court has stated that "[i]n Mississippi, the purchase of insurance is deemed to be an arms' length transaction. Thus, under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Booker v. American General Life and Accident Insurance Co.*, 257 F.Supp.2d 850, 856 (S.D.Miss.2003). The Court held that no fiduciary duty existed where the Plaintiffs relied upon the insurance agents only as salesmen. *Id.* There is no fiduciary relationship between Plaintiff and the resident agents in this case. Therefore, Plaintiff has no cause of action against Defendants Brown, Hamrich, and Shirley for breach of fiduciary duty.

### 2. Breach of Covenant of Good Faith and Fair Dealing

■ Plaintiff also makes claims against the resident agents for breach of the covenant of good faith and fair dealing. However, for the reasons stated in *Ross*, the Court finds that since the agents were not a party to the contract, they cannot be liable for any breach of the covenant of good faith and fair dealing. *Ross v. Citifinancial, Inc.*, 2002 WL 461567 *9 (S.D.Miss.2002) aff'd No. 02–60608 (5th Cir. Aug. 29, 2003). Therefore, Plaintiff has no claim against Defendants Brown, Hamrich, and Shirley for breach of the covenant of good faith and fair dealing.

### 3. Fraudulent and Negligent Misrepresentation and/or Omission

■ According to Plaintiff, the resident agents also made certain misleading and deceptive representations to Plaintiff and omitted certain material facts. In order to succeed in a claim for fraudulent misrepresentation, a plaintiff must prove that: (1) defendant or his agent made a representation (2) that was false (3) and material (4) and that the person making the representation knew it to be false and (5) intended that the plaintiff act upon the representation in the manner reasonably contemplated. *See Levens v. Campbell*, 733 So.2d 753, 761–62 (Miss.1999). A plaintiff must also prove that (6) he was unaware that the representation was false, (7) he relied on the truth of the representation, (8) had a right to rely on the representation, and that (9) he suffered consequent and proximate injury. *See id.* A claim of negligent misrepresentation requires proof that: (1) defendant failed to exercise reasonable care in making (2) a misrepresentation or omission of a fact that was (3) material or significant, and that plaintiff reasonably relied on the misrepresentation or omission and was (4) damaged as a result of his reasonable reliance. *See id.* at 762. The Court finds that even if Plaintiff could establish a claim against Defendants Brown, Hamrich, and Shirley for fraudulent or negligent misrepresentation, his claim is barred by the statute of limitations. Plaintiff's claims for fraudulent and negligent misrepresentation are governed by a three-year statute of limitations. *See* Miss.Code Ann. § 15–1–49. Plaintiff's cause of action accrued on the date that Plaintiff purchased his policy. *See Stephens v. Equitable Life Assurance Society of the United States*, 850 So.2d 78, 82–83 (Miss.2003). Plaintiff purchased his last policy on June 12, 1998. *See* Brief in Support of Response to Motion to Remand of Voyager Life Insurance Company at 2. Accordingly, the statute of limitations for any fraudulent misrepresentation expired on June 12, 2001. Plaintiffs filed this lawsuit on December 27, 2002. Therefore, Plaintiff's claims are barred by the statute of limitations unless the statute is tolled by

the discovery rule or by fraudulent concealment.

Under Mississippi law, "the statute of limitations commences to run in any event at the time the fraud is discovered, or at such time as the fraudulent concealment 'with reasonable diligence might have been first known or discovered.'" *Rainwater v. Lamar Life Ins. Co.*, 207 F.Supp.2d 561, 568 (S.D.Miss.2002) (quoting Miss.Code Ann. § 15–1–67). The burden of proof is on Plaintiff to prove that the statute of limitations was tolled. *Id.*

It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it. *See Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.*, 584 So.2d 1254, 1257. *See also Koenig v. Calcote*, 199 Miss. 435, 25 So.2d 763 (1946); *McCubbins v. Morgan*, 199 Miss. 153, 23 So.2d 926 (1945). Moreover, knowledge of the contents of a contract will be imputed to a contract party even though he did not read the contract before signing it. *See Cherry v. Anthony, Gibbs, Sage*, 501 So.2d 416, 419 (Miss.1987).

Here, the terms of all contracts were made available to Plaintiff. In his Deposition, Plaintiff admits that he was given the opportunity to read the documents. *See* Willie Brumfield's Depo. at 53, Response of Pioneer Credit Company in Opposition to Plaintiff's Motion to Remand, Exhibit "B". If Plaintiff Brumfield had read the documents, he would have seen that they state that "credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign agreeing to pay the additional cost." *See* Insurance Policy, Exhibit "1" to Willie Brumfield's Depo., Response to Motion to Remand of Voyager Life Insurance Company, Exhibit "B". They also state that "the [insurance] pur-

chase is entirely voluntary and has not been made compulsory by the creditor." *See* Insurance Policy, Exhibit "1" to Willie Brumfield's Depo., Response to Motion to Remand of Voyager Life Insurance Company, Exhibit "B". Thus, any reliance on alleged misrepresentations of this term was, as a matter of law, unreasonable. *See Carter v. Union Security Life Ins. Co.*, 148 F.Supp.2d 734 (S.D.Miss. 2001)(Lee, J.). In addition, Plaintiff admits that he received information prior to his last loan indicating that he did not have to have insurance to get the loan. *See* Willie Brumfield's Depo. at 47, Response to Motion to Remand of Voyager Life Insurance Company, Exhibit "B".

In order for the Court to toll the statute of limitation under fraudulent concealment, Plaintiff must show that Defendants took some "action, affirmative in nature which was designed or intended to prevent and which did prevent, the discovery of the facts giving rise to the ... claim[s]." *Davidson v. Rogers*, 431 So.2d 483, 485 (Miss.1983). Plaintiff has presented no evidence that would demonstrate that the resident agents engaged in any affirmative acts of concealment that prevented Plaintiff from discovering his cause of action in a timely manner. Consequently, the statute was not tolled by fraudulent concealment. The statutory period began at the time that Plaintiff purchased his policy. Therefore, Plaintiff's claim for fraudulent misrepresentation is barred by the statute of limitations.

Plaintiff's claims for suppression and omission are essentially fraud claims. For the reasons set forth above, the suppression and omission claims against the resident Defendants should be dismissed.

**4. Conspiracy**

■ In his Complaint, Plaintiff claims that Defendants conspired to sell insur-

ance to Plaintiff that was unnecessary and was at an excessive premium. However, this Court has stated that "unless individual defendants are . . . shown to have acted outside of their employment capacities, they are incapable of conspiring with their corporate employer." *Ross v. Citifinancial, Inc.*, 2002 WL 461567 *11 (S.D.Miss. March 18, 2002) aff'd 344 F.3d 458 (5th Cir.2003) (citing *Cooper v. Drexel Chemical Co.*, 949 F.Supp. 1275, 1285 (N.D.Miss. 1996)). Under Mississippi law, agents cannot conspire with their employers. In this case, the resident agents were employees of the lender [Pioneer], and the lender was the agent of the insurance Defendant [Voyager]. In addition, Plaintiff has not alleged that the agents acted outside of his employment. Therefore, Plaintiff has no claim for conspiracy against Defendant Brown, Hamrich, and Shirley.

### 5. Negligence

■ Mississippi does not recognize a cause of action against an agent for simple negligence. As stated in *McFarland v. Utica Fire Ins. Co. of Oneida County, New York*, 814 F.Supp. 518, 521 (S.D.Miss. 1992), "where a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal." The Court recognizes that "agents *may* incur individual liability when their conduct constitutes 'gross negligence, malice, or reckless disregard for the rights of the plaintiff.' " *Phillips v. New England Mutual Life Ins. Co.*, 36 F.Supp.2d 345, 348 (S.D.Miss.1998) (citing *McFarland v. Utica Fire Ins. Co.*, 814 F.Supp. 518, 521 (S.D.Miss.1992)). Defendants Brown, Hamrich Shirley was acting as an agent of Pioneer in his dealings with Plaintiff. Therefore, Plaintiff's claims against Defen-

dant Brown, Hamrich, and Shirley for negligence must be dismissed.

### 6. Unconscionability

■ The legal concept of unconscionability generally arises in the context of a defense to a breach of contract claim. *See generally, Smith v. EquiFirst Corp.*, 117 F.Supp.2d 557, 560 (S.D.Miss.2000). The Court is aware of no case law which establishes "unconscionability" as an independent compensable tort, and Plaintiffs have cited no such law. For this reason, the Court finds that Plaintiffs claims of unconscionability against the individual Defendants should be dismissed.

### IV. MOTION TO DISMISS ANALYSIS

On April 15, 2003, Defendant Pioneer filed its Motion to Dismiss and Motion to Compel Arbitration in this case. In his Response, Plaintiff asks the Court to grant "some limited discovery on the formation of the arbitration agreement in this case." *See* Plaintiff's Brief in Support of Response to Motion to Dismiss and Motion to Compel Arbitration or Stay Proceedings at 12. The Court finds that this request is well taken and should be granted. Therefore, Plaintiff has until December 3, 2003, to conduct discovery with regard to the arbitration agreement. Plaintiff may supplement his Response to Defendants' Motion to Dismiss on or before December 15, 2003. Defendants may submit a Rebuttal, if at all, by December 22, 2003. At that point, the Court will decide Defendants' Motion to Dismiss and Compel Arbitration.

### V. CONCLUSION

■ Based on the holdings presented above, the Court finds that Plaintiff has failed to assert a claim against the resident Defendants for which relief may be granted in state court.[6] Therefore, the resident

---

**6.** Since the Court finds that the resident De-    fendants have been fraudulently joined, Plain-

Defendants should be dismissed from this case, and Plaintiff's Motion to Remand should be denied.

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [7–1] is hereby denied.

IT IS FURTHER ORDERED that Defendants Charles Hamilton, Doris Barrett, David Brown, Chasity Hamrich, and Ben Shirley are hereby dismissed from this case with prejudice.

IT IS FURTHER ORDERED that Plaintiff has until December 3, 2003, to conduct discovery with regard to the arbitration agreement. Plaintiff may supplement his Response to Defendants' Motion to Dismiss on or before December 15, 2003. Defendants may submit a Rebuttal, if at all, by December 22, 2003.

tiff's argument that the notice of removal was defective because they have not joined in the removal is without merit. A fraudulently joined defendant is not required to join in the notice of removal. *See Williams v. Henson,* 42 F.Supp.2d 628, 632 (N.D.Miss.1999).