Lee **FRYE**, Coretta Jackson, Steve Jackson, Shirley Jones, and Zannette Odom Plaintiffs

v.

**AMERICAN GENERAL FINANCE, INC., a Delaware corporation, American General Finance, Inc., an Indiana corporation, Elisa Jamison, Brenda Poole, Sheila Shultz, and Susan Weed Defendants**

**No. CIV.A. 5:03–CV–122BR.**

United States District Court, S.D. Mississippi, Western Division.

April 6, 2004.

---

M. Daughdrill, Capshaw, Goss & Bowers, LLP, Dallas, TX, for plaintiffs.

Lee Davis Thames, James B. Tucker, Emerson Barney Robinson, III, Butler, Snow, O'Mara, Stevens & Cannada, Charles E. Griffin, Griffin & Associates, Jackson, MS, for defendants.

## AMENDED MEMORANDUM OPINION AND ORDER [1]

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiffs' Motion to Remand [**docket entry no. 6–1**], Motion for Leave to File Surreply [**docket entry no. 31–1**], and Motion to Exceed Page Limitations [**docket entry no. 37–1**], as well as the defendants' Motion to Exceed Page Limitations [**docket entry no. 28–1**] and Motion to Dismiss Unserved Defendants [**docket entry no. 39–1**]. Having carefully considered the motions, responses, briefs, and applicable law, the Court concludes that the plaintiffs' Motion to Remand shall be denied and that the remaining motions shall either be granted or denied as moot.

### FACTS

The plaintiffs in this case are individuals who between 1993 and 1995 obtained loans from American General Finance, Inc. (hereinafter "American General"). Allegedly they were wrongfully sold and induced to purchase various credit insurance products in conjunction with obtaining their loans. Several years later, on February 20, 2002, the plaintiffs, all adult residents of the State of Mississippi, filed suit against American General, a Delaware corporation with its principal place of business in Indiana, in the Circuit Court of Jefferson County, Mississippi, asserting numerous state law claims, including

Richard A. Freese, Langston, Sweet & Freese, P.A., Birmingham, AL, Stephanie

1. The Court, *sua sponte,* amends its Memorandum Opinion and Order dated February 9, 2004.

breach of a fiduciary duty, breach of an implied covenant of good faith and fair dealing, fraudulent and negligent misrepresentation and/or omission, civil conspiracy, negligence, and unconscionability. In addition to American General, the plaintiffs sued four American General employees, all of whom, like the plaintiffs, are alleged to be residents of the State of Mississippi.

On April 22, 2002, the non-resident defendant, American General, timely removed the suit under 28 U.S.C. § 1441 to this Court on the basis of diversity jurisdiction, contending that the amount in controversy exceeds the jurisdictional minimum and that the plaintiffs fraudulently joined the resident defendants to defeat diversity jurisdiction. Following removal, on May 7, 2002, the plaintiffs moved to remand this case back to state court, taking the position that they alleged viable claims against the resident agents of American General. The plaintiffs argue that the non-diverse defendants were properly joined and that their citizenship eliminates the possibility of diversity jurisdiction in this case. Initially, this Court agreed with the plaintiffs and granted their Motion to Remand on March 31, 2003. Subsequently, on June 24, 2003, this Court vacated its order of remand.

## DISCUSSION

### I. Subject Matter Jurisdiction

#### A. Diversity Jurisdiction

█ The removal of this case is predicated on diversity jurisdiction, which permits federal jurisdiction in suits between citizens of different states involving an amount exceeding $75,000.00. 28 U.S.C. § 1332(a). Neither party disputes that the jurisdictional minimum is satisfied in this case.[2] What is disputed, however, is whether complete diversity of citizenship exists between the plaintiffs and all the defendants in this action. The plaintiffs contend that on the face of the Complaint there is incomplete diversity between the adversaries. By contrast, the defendants argue that there is no possibility of recovery from the in-state employees; therefore, the resident defendants have been fraudulently joined for the purpose of defeating diversity jurisdiction. Indeed, if the resident defendants truly belong in this suit, the Court would lack subject matter jurisdiction.

#### B. Fraudulent Joinder Standard

█ American General must prove that removal of this suit was proper because federal jurisdiction exists. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993) (stating that the removing party has the burden of proving the federal court has jurisdiction to hear a case). Where, like here, the removing party alleges that jurisdiction is based on diversity of citizenship and charges that a party has been fraudulently joined merely to defeat jurisdiction, the removing party "has the burden of proving the fraud." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). Fraudulent joinder is established if the removing party

---

**2.** Although the damage section of the Complaint does not articulate a specific amount, the Notice of Removal states that potential damages in this case exceed $75,000.00, a statement which the plaintiffs do not contest. Based on the nature of the claims in this case, as well as the plaintiffs' silence on the issue, the Court finds that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. *See, e.g., Montgomery v. First Family Fin. Serv., Inc.*, 239 F.Supp.2d 600, 605 (S.D.Miss.2002) (noting that federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction).

can demonstrate "(1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir.2003) (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)). In the instant case, there is no issue of fraud as to the jurisdictional facts, so the question is whether there is a reasonable possibility that a plaintiff has set forth a valid cause of action against any of the resident defendants. *Travis*, 326 F.3d at 648. If not, this Court must remand the case to state court because federal diversity jurisdiction is lacking. *See* 28 U.S.C. § 1447(c).

■ In inquiring into whether a resident defendant has been fraudulently joined, the district court may "pierce the pleadings" and consider "summary judgment-type evidence" (e.g., affidavits and deposition testimony). *Ross*, 344 F.3d at 462–63. However, while conducting this inquiry, the court must resolve all disputed questions of fact and ambiguities of state law in favor of the non-removing party. *Id.* at 463. Ultimately, the district court "must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Id.* at 462. "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* In the instant case, the Court is persuaded that the plaintiffs have not asserted potentially viable causes of action against any of the resident defendants.

## II. Plaintiffs' Claims are Barred under the Statute of Limitations

■ In this civil action, the plaintiffs claim that the individual defendants, as loan officers for American General, misrepresented the terms of the loans obtained by the plaintiffs and peddled unnecessary and unwarranted insurance products. The defendants rebuff the plaintiffs' claim, arguing that all the causes of action against them are barred by the statute of limitations. Predictably, the plaintiffs disagree with this particular argument, and they respond that the statute of limitations was tolled by the defendants' fraudulent concealment under Miss. Code Ann. § 15–1–67.

It is readily apparent that the plaintiffs' claims against the resident defendants are time-barred. The plaintiffs filed a myriad of claims against the individual defendants, including breach of a fiduciary duty, breach of an implied covenant of good faith and fair dealing, fraudulent and negligent misrepresentation and/or omission, conspiracy, negligence, and unconscionability. Each of these causes of action is governed by, at most, a three-year statute of limitations. *See* Miss.Code Ann. § 15–1–49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."). Here, the plaintiffs obtained their loans between nine (9) and eleven (11) years prior to filing suit, and therefore, their claims are time-barred.

■ The Court is not persuaded by the plaintiffs' argument that the statute of limitations was tolled because of fraudulent concealment on the part of the defendants. The statute of limitations may be tolled under circumstances where the underlying cause of action has been fraudulently concealed by the defendants. But the limitations begin to run at the time the fraud is discovered or at such time as the fraudulent concealment "with reasonable diligence might have been first known and discovered." Miss.Code Ann. § 15–1–67. Under Mississippi law, to toll the limitations period, a plaintiff must prove (1) that the defendant "engaged in affirmative acts of concealment" and (2) that "though [the plaintiff] acted with due diligence in attempting to discover [the claim, the plain-

tiff] was unable to do so." *Robinson v. Cobb,* 763 So.2d 883, 887 (Miss.2000).

 In the case at bar, the plaintiffs have failed to plead or offer any proof of an affirmative act of fraudulent concealment post-completion of the loan. They have also not pled or offered any proof that they acted with due diligence in attempting to discover their claims. Nevertheless, it is clear that with reasonable diligence the plaintiffs would have discovered the alleged fraud on the date they obtained their loans. The loan and credit insurance documents alone placed the plaintiffs on notice of the terms of their agreements, including the fact that credit insurance was not required.[3] Thus, this Court concludes that the statute of limitations started to run at the time the loan documents were signed, the limitations period was not tolled by fraudulent concealment, and the claims are time-barred.

Assuming *arguendo* that the statute of limitations would not bar any of the plaintiffs' claims against the non-diverse defendants, the Court will determine whether the plaintiffs have asserted suitable causes of action against the resident agents.

## III. Plaintiffs' Substantive Claims

It is the Court's opinion that the plaintiffs have failed to assert viable causes of action against any of the resident defendants.

## A. Breach of a Fiduciary Duty and Fraudulent and Negligent Misrepresentation and/or Omission

 The plaintiffs allege that the in-state agents breached their fiduciary duty by failing "to disclose adequately the insurance products and to advise Plaintiffs with regard to the necessity of the products ...." (Compl.¶ 27.) To succeed on their claims for breach of fiduciary duty, the plaintiffs must allege a factual basis for such a duty. *Lowery v. Guaranty Bank & Trust Co.,* 592 So.2d 79, 83 (Miss.1991) (stating that a duty must exist before a breach of fiduciary duty can occur). The plaintiffs' claims for fraudulent and negligent "omissions" are likewise dependent on the existence of a fiduciary or other confidential relationship.[4] *Strong v. First Family Financial Services, Inc.,* 202 F.Supp.2d 536, 540 (S.D.Miss.2002). Indeed, "since silence, in the absence of a duty to speak, is not actionable, plaintiffs' claims for misrepresentation by omission are dependent on the existence of a duty of disclosure, which would arise if a fiduciary relationship existed." *Id.* (citing *Chiarella v. U.S.,* 445 U.S. 222, 228, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980) ("[O]ne who fails to disclose material information prior to the consummation of a transaction commits

---

3. Any reliance on alleged misrepresentations by the agents about the insurance products appears patently unreasonable. Under Mississippi law, a contracting party is legally obligated to read a contract before signing it. *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.,* 584 So.2d 1254, 1257 (Miss.1991). Moreover, knowledge of the subject matter of a contract is imputed to a contracting party even though that party did not read the contract before signing it. *Cherry v. Anthony, Gibbs, Sage,* 501 So.2d 416, 419 (Miss.1987). In this case, the plaintiffs do not deny that they received the terms of the contracts. Nor do they disclaim that they read the agreements, which clearly state that purchasing any of the insurance products was voluntary and not required to obtain a loan.

4. Although the plaintiffs allege "misrepresentations" on the part of the individual defendants, their claims are actually for fraudulent and negligent "omissions." The plaintiffs claim that the agent defendants failed to inform them that they could obtain alternative credit insurance at a lower cost, that they were being sold credit insurance which was overpriced, and that they were not informed about how the insurance was procured and charged to them. (Compl.¶ 39.)

fraud only when he is under a duty to do so.")).

Under Mississippi law, "there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Gorman v. Southeastern Fid. Ins. Co.*, 621 F.Supp. 33, 38 (S.D.Miss.1985) (citing *Equitable Life Assurance Soc'y v. Weil*, 103 Miss. 186, 60 So. 133 (1912)). "The relationship which does exist is one that is contractual in nature, that of a debtor-creditor type." *Id.* As a general rule, debtors and creditors are not in a fiduciary relationship, absent limited circumstances. *Gen. Motors Acceptance Corp. v. Baymon*, 732 So.2d 262, 270 (Miss.1999). Those circumstances are absent in this case.[5] The Court, therefore, views the loans with credit insurance policies as "arms-length business transactions." *Strong*, 202 F.Supp.2d at 541. Consequently, the resident employees or agents involved in the transactions are not under a duty to disclose the information about which the plaintiffs complain. As such, there exists no arguable basis for predicting that state law might impose liability based on the allegations advanced, and the plaintiffs fail to state a claim for breach of a fiduciary duty as well as fraudulent and negligent omission.

### B. Breach of an Implied Covenant of Good Faith and Fair Dealing

The plaintiffs also assert claims against the resident agents for breach of an implied covenant of good faith and fair dealing by engaging in misleading and deceptive practices. (Compl.¶ 35.) The duty of good faith and fair dealing is implied in all contracts, *Cenac v. Murry*, 609 So.2d 1257, 1272 (Miss.1992), but only "arises from the existence of a *contract* between parties." *American Bankers' Ins. of Fla. v. Wells*, 819 So.2d 1196, 1207 (Miss.2001) (emphasis in original) (citing *Cenac*, 609 So.2d at 1272). Because the agents were not a party to any of the contracts, they cannot be liable for any breaches of implied covenants. Therefore, this Court holds that, as a matter of law, the plaintiffs cannot prevail on their claims for breach of an implied covenant of good faith and fair dealing.

### C. Civil Conspiracy

The plaintiffs' claims for civil conspiracy are similarly doomed. "A conspiracy is a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Smith v. St. Regis Corp.*, 850 F.Supp. 1296, 1324 (S.D.Miss.1994) (citing *Shaw v. Burchfield*, 481 So.2d 247, 255 (Miss. 1985)). However, under the intra-corporate conspiracy doctrine, "[a] corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir.1952). Therefore, unless "individual defendants are ... shown to have acted outside their employment capacities, they are incapable of conspiring with their

---

5. A fiduciary relationship may arise on the basis of "contract, agency, or the reposing of trust and confidence." *Lowery*, 592 So.2d at 83. Here, the plaintiffs allege that a fiduciary relationship arose because they "placed special trust and confidence" in the agent defendants. (Compl.¶ 27.) "But this is nothing more than an assertion that plaintiffs trusted their lender (and by inference, its employees) because it was their lender, which is plainly insufficient ... to support finding that a fiduciary relationship existed." *Strong*, 202 F.Supp.2d at 542. In the instant case, the plaintiffs allege no circumstances to show they were justified in placing such trust in the employee defendants. Moreover, the record does not reveal any course of dealing between the parties that would bring the relationship within the scope of a fiduciary relationship.

corporate employer." *Cooper v. Drexel Chemical Co.*, 949 F.Supp. 1275, 1285 (N.D.Miss.1996). The Court finds neither allegations nor evidence in the record that the resident agents acted outside their "employment capacities," and thus, the plaintiffs' claims of civil conspiracy are deficient.

## D. Negligence

■ The plaintiffs' claims for negligence are likewise unavailing. They allege that the resident agents breached their "duty to ... exercise reasonable care to ensure that Plaintiffs received credit life, credit disability, property and/or collateral protection insurance which was necessary, adequate and fairly priced ...." (Compl.¶ 57.) The plaintiffs further allege that the agents breached their duty by "compelling Plaintiffs to purchase" insurance products without "Plaintiffs' knowledge or as an obligation to receive their loans" and by "failing to obtain" insurance "at the prevailing market rate." (*Id.* ¶ 58.)

■ The plaintiffs' claims for negligence fail for two reasons. First, having concluded that no fiduciary relationship existed between the plaintiffs and the resident agents, the Court holds that the in-state defendants had no duty to act or not act as the plaintiffs allege. *Howard v. CitiFinancial, Inc.*, 195 F.Supp.2d 811, 825 (S.D.Miss.2002). Second, simple negligence against an agent is an unrecognizable cause of action under Mississippi law. *Brumfield v. Pioneer Credit Co.*, 291 F.Supp.2d 462, 470 (S.D.Miss.2003); *see also McFarland v. Utica Fire Ins. Co. of*

*Oneida County, N.Y.*, 814 F.Supp. 518, 521 (S.D.Miss.1992) (" '[W]here a defendant acts as an agent for a known principal, the general rule of Mississippi law is that the defendant-agent incurs no liability for a breach of duty or contract committed by the principal.' ").[6] Therefore, the plaintiffs' claims for negligence and gross negligence against the resident agents must be dismissed.

## E. Unconscionability

■ The plaintiffs' claims for unconscionability also falter. The doctrine of unconscionability is a defense to the enforcement of a contract, not a private cause of action that can be brought by a party seeking damages. *Crockett v. Citifinancial, Inc.*, 192 F.Supp.2d 648, 654 (N.D.Miss.2002); *see also* Miss.Code Ann. § 75–2A–108. For this reason, the Court concludes that the plaintiffs' claims of unconscionability against the defendant-agents must be discarded.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court concludes that the defendants have demonstrated there is no reasonable basis for predicting that state law might impose liability upon the resident defendants. Thus, the requirements of 28 U.S.C. § 1332(a) are met, and the plaintiffs' Motion to Remand shall be denied. The fraudulently joined defendants shall be dismissed from this suit. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir.1999). Accordingly,

---

**6.** The Court acknowledges that "agents may incur individual liability when their conduct constitutes gross negligence, malice, or reckless disregard for the rights of the plaintiff." *Phillips v. New England Mut. Life Ins. Co.*, 36 F.Supp.2d 345, 348 (S.D.Miss.1998) (internal quotations omitted). The plaintiffs allege "gross negligence" in their Complaint, but "conclusory or generic allegations of wrong-

doing on the part of the non-diverse defendant are not sufficient" to defeat a properly supported claim of fraudulent joinder. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392–93 (5th Cir.2000). Plus, having held that the resident agents were not negligent, the Court also holds that they were not "grossly" negligent.

IT IS HEREBY ORDERED that the plaintiffs' Motion to Remand [docket entry no. 6–1] is DENIED;

FURTHER ORDERED that Defendants Elisa Jamison, Brenda Poole, Sheila Shultz, and Susan Weed are DISMISSED from this action;

FURTHER ORDERED that the plaintiffs' Motion for Leave to File Surreply to Motion to Alter/Amend Memorandum Opinion and Order [docket entry no. 31–1] is DENIED as MOOT;

FURTHER ORDERED that the plaintiffs' Motion to Exceed Page Limitations [docket entry no. 37–1] is GRANTED;

FURTHER ORDERED that the defendants' Motion to Exceed Page Limitations [docket entry no. 28–1] is GRANTED;

FURTHER ORDERED that the defendants' Motion to Dismiss Unserved Defendants [docket entry no. 39–1] is DENIED as MOOT.

FURTHER ORDERED that this Memorandum Opinion and Order supersedes the Court's Memorandum Opinion and Order dated February 9, 2004 [docket entry no. 42–1].

The parties shall notify United States Magistrate Judge Sumner's office of the Court's denial of the motion to remand, so that a scheduling order can be entered.