954 So.2d 1045 (2007)
Jennifer D. Rollins TAYLOR, Appellant
v.
SOUTHERN FARM BUREAU CASUALTY COMPANY and CCC Information Services, Inc., Appellees.
No. 2005-CA-02215-COA.
Court of Appeals of Mississippi.
April 3, 2007.
*1046 Joseph R. Dulaney, Tunica, attorney for appellant.
Arnold U. Luciano, Gerald H. Jacks, J. Walker Sims, Southaven, Timothy B. Hardwicke, attorneys for appellees.
Before MYERS, P.J., IRVING and BARNES, JJ.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
MYERS, P.J., for the Court.
¶ 1. In April 2001, Jennifer D. Rollins Taylor was involved in an automobile accident in Tunica County, Mississippi. The accident resulted in significant damage to her vehicle and Taylor subsequently filed *1047 an insurance claim with her insurer, Southern Farm Bureau Casualty Insurance Company (Farm Bureau), for the damage to her vehicle. After an investigation, Farm Bureau declared Taylor's vehicle a "total loss." Using a valuation prepared by CCC Information Services, Inc. (CCCIS), Farm Bureau valued Taylor's 1999 Ford Escort at $8,321.25, and tendered a check in that amount, together with a copy of the appraisal prepared by CCCIS, to Taylor's attorney. Taylor accepted the amount offered by Farm Bureau, but thereafter, filed suit against both Farm Bureau and CCCIS in the Circuit Court of Tunica County. Taylor's complaint alleged breach of contract, statutory fraud under the Mississippi Consumer Protection Act (MCPA), Mississippi Code Annotated section 75-24-5 (Rev.2000), and common law fraud against Farm Bureau. The complaint also alleged conspiracy to commit both statutory and common law fraud against CCCIS. CCCIS and Farm Bureau subsequently filed joint and separate motions to dismiss under Mississippi Rule of Civil Procedure 12(b)(6). On November 15, 2005, the circuit court granted Farm Bureau's and CCCIS's Rule 12(b)(6) motions to dismiss. Aggrieved by the judgment of the circuit court, Taylor appeals, raising the following issues:
I. WHETHER THE TRIAL COURT ERRED IN GRANTING FARM BUREAU AND CCCIS DISMISSAL UNDER M.R.C.P. 12(b)(6)?
II. WHETHER INSURANCE POLICIES OR THE ADJUSTING OF CLAIMS UNDER INSURANCE POLICIES ARE SUBJECT TO THE MISSISSIPPI CONSUMER PROTECTION ACT, MISSISSIPPI CODE ANNOTATED SECTION 75-24-5?
¶ 2. Finding that the lower court correctly dismissed Taylor's complaint for failure to state a claim upon which relief may be granted and that insurance policies or the adjusting of insurance policies are not subject to the MCPA, we affirm.

STANDARD OF REVIEW
¶ 3. A motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995). This Court conducts de novo review on questions of law. Id. When considering a Rule 12(b)(6) motion to dismiss, the trial judge must accept the allegations in the complaint as true and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Id. However, the decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed on appeal unless that discretion is abused. State Indus., Inc. v. Hodges, 919 So.2d 943, 945(¶ 2) (Miss.2006).

DISCUSSION
¶ 4. Taylor's complaint alleges that Farm Bureau and CCCIS engaged in a scheme to defraud Farm Bureau's insureds by posturing to the insureds that Farm Bureau had obtained independent automobile valuation reports from CCCIS to determine the dollar amount that its insureds would receive on "total loss" claims. Taylor argues that CCCIS offered its services to Farm Bureau under the promise of lowering Farm Bureau's "total loss" claims payout; therefore, the valuations provided by CCCIS are biased to result in lower "total loss" claim payouts by Farm Bureau. Taylor claims that CCCIS achieved its promise of lowering Farm Bureau's "total loss" claims payouts *1048 by appraising the insureds' automobiles at considerably lower values than the valuations of other nationally accepted valuation providers, such as the National Automobile Dealer's Association (NADA) and Kelley Blue Book. As to her particular insurance claim, Taylor asserts that CCCIS valued her car at $8,321.25, while the NADA valuation was $9,200.
¶ 5. We review Taylor's complaint to determine whether she stated any claim upon which the trial court may have granted relief:
I. Count I: Breach of Contract against Farm Bureau
¶ 6. Taylor's complaint alleges breach of contract against Farm Bureau under the theory that Farm Bureau's contract with CCCIS for the latter to perform automobile valuations on total loss claims was a material fact which Farm Bureau had a duty to disclose. Under Taylor's theory, Farm Bureau's failure to disclose the nature of its business relationship with CCCIS at the time the insurance contract with Taylor was formed violated Farm Bureau's duty of good faith and fair dealing. While we recognize that a duty of good faith and fair dealing is implicit in every contract for insurance, we are not persuaded that evidence of such a breach was established in Taylor's complaint. See UHS-Qualicare, Inc. v. Gulf Coast Community Hospital, Inc. 525 So.2d 746, 757 (Miss.1987). Farm Bureau's alleged violation of its duty of good faith and fair dealing necessarily rests on the failure to disclose its valuation practices at the time of contract formation. In Mississippi, the duty to disclose material facts only arises where there is a fiduciary relationship between the parties. Langston v. Bigelow, 820 So.2d 752, 756(¶ 9) (Miss.Ct.App.2002); see also Frye v. Am. Gen. Fin., Inc., 307 F.Supp.2d 836, 842 (S.D.Miss.2004). The purchase of insurance is deemed to be an arms length transaction, and accordingly no fiduciary duty arises. Langston, 820 So.2d at 756(¶ 9) (citing Estate of Jackson v. Mississippi Life Ins. Co., 755 So.2d 15, 24(¶ 36) (Miss.Ct.App.1999)). We therefore hold, that in this case, Farm Bureau had no fiduciary duty to disclose its valuation practices to Taylor, and thus, Count I fails to state a claim upon which relief may be granted.
II. Count II: Statutory Fraud by Omission against Farm Bureau
¶ 7. Taylor's complaint next alleges statutory fraud by omission against Farm Bureau under the MCPA. The MCPA provides in part that "[i]t is prohibited to represent that goods or services are of a particular standard, quality, or grade, if they are another, or to disparage the goods of another by false or misleading facts." Miss.Code. Ann. § 75-24-5(g)(h) (Rev.2000). In her complaint before the lower court, Taylor argued that the policy of insurance sold by Farm Bureau was "merchandise" within the meaning of the MCPA, and that Farm Bureau's use of biased valuation reports and failure to disclose the true nature of their relationship with CCCIS, constituted a deceptive trade practice under the MCPA and entitled Taylor to relief. However, in her brief to this Court, Taylor asserts that it is not the insurance policy which is covered under the MCPA, but the car itself. Taylor argues that the car is a "good" within the meaning of the MCPA, and that Farm Bureau is attempting to profit by representing that her car is worth less than its true value.
¶ 8. Since the issue of whether the car, itself, is a "good" covered by the provisions of the MCPA was not put before the lower court, we decline to address the issue here. Miller v. State, 794 So.2d *1049 1065, 1068(¶ 8) (Miss.Ct.App.2001). Rather, we may only evaluate the face of the complaint to determine whether the allegations therein, if accepted as true, state a claim upon which relief may be granted. Therefore, we need only determine whether insurance policies, such as the one here, may be considered "merchandise" under the provisions of the MCPA. Our state courts have yet to rule on this specific issue; however, in Burley v. Homeowners Warranty Corp., 773 F.Supp. 844, 863 (S.D.Miss.1990), the United Stated District Court for the Southern District of Mississippi concluded that a homeowner's insurance policy was not a "good" or "service" within the meaning of the MCPA. Finding, the logic used in Burley to be persuasive, we hold that the automobile insurance policy at issue here is not "merchandise" subject to the provisions of the MCPA.
¶ 9. Furthermore, Mississippi Code Annotated section 75-24-15(2) mandates that: "[i]n any private action brought under this chapter, the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the Attorney General." The record in this case is devoid of any reference to Taylor attempting to resolve this issue through an informal settlement program, and we can only conclude that no such attempt was made. Therefore, even if we were to hold that the insurance policy herein was subject to the provisions of the MCPA, the decision of the lower court to dismiss the action would still have been proper. Accordingly, Count II also fails to state a claim upon which relief may be granted.
III. Count III: Conspiracy to Commit Statutory Fraud by Omission Against CCCIS
¶ 10. Taylor's complaint also alleges that CCCIS's overt act of lowering Farm Bureau's "total loss" claims payouts through the use of deflated automobile valuations constitutes a deceptive trade practice prohibited by the MCPA. Since we have already determined that the insurance policy at issue here is not subject to the provisions of the MCPA, we find that Count III fails to state a claim upon which relief may be granted.
IV. Count IV: Common Law Fraud by Omission Against Farm Bureau.
¶ 11. Taylor alleges that Farm Bureau had a fiduciary duty to disclose the nature of its business relationship with CCCIS, and that the failure to do so, when Farm Bureau had knowledge that CCCIS was using deflated valuation reports, was an overt act in furtherance of a common scheme to defraud, resulting in financial loss to Taylor. In order to state a claim for common law fraud, a plaintiff must allege: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) reliance upon its truth, (8) a right to rely on the representation, and (9) an injury proximately caused by the reliance on the representation. McLeod v. Jackson, 829 So.2d 722, 726 (¶ 15) (Miss.Ct.App.2002); see also Levens v. Campbell, 733 So.2d 753, 761-62(¶ 35) (Miss.1999).
¶ 12. In Mississippi, a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted. Langston, 820 So.2d at 756(¶ 9); see also Frye, 307 F.Supp.2d at 842. This duty generally arises only where there is a fiduciary relationship between the parties. Langston, 820 So.2d at 756(¶ 9); Frye, 307 F.Supp.2d at 842. The purchase of insurance is *1050 deemed to be an arms length transaction, and accordingly no fiduciary duty arises. Langston, 820 So.2d at 756(¶ 9) (citing Estate of Jackson, 755 So.2d at 24(¶ 36)). The Fifth Circuit has also spoken concerning Mississippi law on this point:
Under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract. . . . Only when a third party relationship exists between the insurance company and the insured does the insurance company acquire `control' of the litigation which gives rise to a fiduciary relationship.
Langston, 820 So.2d at 756(¶ 9) (quoting Gorman v. Southeastern Fidelity Ins. Co., 621 F.Supp. 33, 38 (S.D.Miss.1985)). Finding this case law persuasive, we hold that, in this case, Farm Bureau had no fiduciary duty to disclose its valuation practices to Taylor.
¶ 13. Additionally, we hold as a matter of law that Taylor cannot establish the element of reasonable reliance, a necessary element to establish a claim of common law fraud. Courts in Mississippi have held that where a plaintiff has an opportunity to investigate the statements upon which she allegedly relied, the plaintiff cannot be said to have reasonably relied on those statements. See Martin v. Winfield, 455 So.2d 762, 765-66 (Miss. 1984). Taylor had ample opportunity to investigate the valuation of her automobile prior to her acceptance of Farm Bureau's offer. As demonstrated by Taylor's reliance on the NADA value for her automobile in her brief to this Court, there are numerous valuation services which provide easily ascertainable valuations against which Taylor could have compared the valuation arrived at by CCCIS for Farm Bureau. Instead, Taylor chose not to investigate the value of her car and accepted the settlement offered by Farm Bureau. Therefore, we hold that Taylor failed to present a prima facie case in her complaint establishing her reasonable reliance on the representations of Farm Bureau or CCCIS. Count IV fails to state a claim upon which relief may be granted.
V. Conspiracy to Defraud by Omissions against CCCIS
¶ 14. Finally, Taylor's complaint alleges that CCCIS engaged in a conspiracy to commit common law fraud with Farm Bureau through the use of deflated "total" loss valuations. The common elements of a conspiracy to defraud, which a plaintiff must prove, are: (1) a conspiracy, (2) an overt act of fraud in furtherance of the conspiracy, and (3) damages to the plaintiff as a result of the fraud. Delta Chem. & Petroleum, Inc. v. Citizens Bank of Byhalia, 790 So.2d 862, 877(¶ 49) (Miss.Ct.App. 2001). Having already concluded that insurers hold no fiduciary responsibility to disclose their valuation procedures to their first party insureds, we find no overt act in furtherance of a conspiracy on the part of CCCIS. Accordingly, Count V fails to state a claim upon which relief may be granted.

CONCLUSION
¶ 15. The Circuit Court of Tunica County properly dismissed the action filed by Taylor pursuant to Mississippi Rule of Civil Procedure12(b)(6). Further, insurance policies and the adjusting of insurance policies are not subject to the provisions of the MCPA. Accordingly, the judgment of the circuit court is affirmed.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1051 KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.