# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-00552-SCT

*JOHN BURGESS, ELIZABETH BURGESS,*

*JOHN GODSEY, SHIRLEY MARGARET GODSEY AND MARGARET ALLEN MOYSE*

v.

*CITY OF GULFPORT, MISSISSIPPI,*

*SAM ALBRITTON, RICKY DOMBROWSKI,*

*BILLY HEWES, KIM SAVANT, MITCHELL COMPANY, INC. AND GULF CONDOS, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/13/2001 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | HARRY M. YOSTE, JR. |
| ATTORNEYS FOR APPELLEES: | HARRY P. HEWES |
| | JOHN M. HARRAL |
| | RONALD G. PERESICH |
| | TERE R. STEEL |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 04/18/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/9/2002 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. City of Gulfport residents John Burgess, Elizabeth Burgess, John Godsey, Shirley Margaret Godsey, Margaret Allen Moyse, and Seeking a New Direction, Inc.[1] ("residents") filed a bill of exceptions and complaint in the Circuit Court of the First Judicial District of Harrison County, challenging the Gulfport City Council's decision to accept the recommendation of the Planning Commission to issue a tree removal permit

to The Mitchell Company, Inc. ("Mitchell"), and Gulf Condos, LLC. The residents also requested that a stay be entered against the issuance of a tree removal permit to Mitchell and alleged that members of the Gulfport City Council had violated the open meetings law, Miss. Code Ann. §§ 25-41-1 to -17 (1999 & Supp. 2001). The circuit court dismissed the residents' complaint and action for lack of standing and for mootness because the trees had already been removed. On appeal, the residents contest the circuit court's findings. We affirm.

## FACTS

¶2. Mitchell is the developer of a residential condominium project being constructed at 2242 East Beach Boulevard in Gulfport, Mississippi. The Project consists of two-fourteen story condominium towers and a parking facility. It is being constructed on approximately ten acres of property owned by Gulf Condos and located north of U.S. Highway 90 directly across from the beach in East Gulfport.

¶3. Mitchell was granted the necessary permits and approvals, including a height variance, to begin construction of the Project, with the exception of the building permit, by September 8, 2000. The City of Gulfport had in effect Ordinance No. 1841, that regulated the cutting and removal of certain trees in the City of Gulfport, Mississippi, and required a permit for the removal of any tree classified as protected under the ordinance. According to Ordinance No. 1841, a building permit could not issue to begin construction of the project until a tree removal permit had been issued by the City of Gulfport's Tree Protection Advisor. On September 1, 2000, Mitchell applied for the required permit to remove certain trees at 2242 East Beach Drive, Gulfport, Mississippi. Gulfport's Tree Protection Advisor denied the permit. Mitchell appealed the denial to the Gulfport Planning Commission. The Planning Commission held a hearing and recommended overruling the Tree Protection Advisor's denial and issuing a tree removal permit to Mitchell.

¶4. On October 13, 2000, Patricia Spinks, who did not join in the complaint subject of this appeal, appealed the Planning Commission's recommendation to the Gulfport City Council. On November 21, 2000, the Gulfport City Council voted to approve and accept the recommendation of the Planning Commission to issue the tree removal permit. The following day, Bob Short, then-Mayor of the City of Gulfport, vetoed the city council's action. However on November 28, 2000, the city council overturned the mayor's veto.

¶5. On November 28, 2000, the residents filed a complaint against the City of Gulfport in the Circuit Court of Harrison County, First Judicial District, seeking a restraining order and preliminary injunction. They obtained a temporary restraining order enjoining the City of Gulfport from issuing a tree removal permit to Mitchell. Mitchell and Gulf Condos, L. L. C. were permitted to intervene in the action and filed a motion to dismiss and dissolve temporary restraining order. On December 5, 2000, the circuit court issued its order dissolving the temporary restraining order due to the residents' failure to properly pursue an appeal of the municipality's action by way of bill of exceptions and found that "there has been no showing by the pleadings or otherwise that these plaintiffs have standing to effect an appeal of the actions of the city council. Mississippi cases have held that aggrieved parties must have standing to appeal and have some property interest in the subject matter and not simply be members of the general public."

¶6. On December 14, 2000, the residents filed a notice of appeal, bill of exceptions, and complaint in the Circuit Court of Harrison County, appealing the actions of the Gulfport City Council in denying the appeal of Patricia Spinks and in voting to issue a tree permit to Mitchell and requested the court to stay any action of the City of Gulfport to issue a tree permit to Mitchell. Mitchell and Gulf Condos, L.L.C. again moved to

intervene in this action. On December 15, 2000, the residents filed a motion for stay in which they requested the circuit court to issue a stay of any action by the City of Gulfport to issue a tree permit to Mitchell.

¶7. On December 15, 2000, the circuit court heard oral argument on the motion of Mitchell and Gulf Condos, L.L.C., to intervene, as well as on the residents' motion for a stay. the circuit court granted Mitchell's motion to intervene. However, the circuit court denied the residents' motion to stay the granting of the tree permit to Mitchell. The circuit court further ruled that the residents did not have standing. Thus, on December 15, 2000, Mitchell had received all the necessary permits, including tree removal permit, required to begin construction.

¶8. On December 14, 2000, the city council members filed a motion to dismiss, or alternatively for summary judgment, on the narrow issue of whether their conduct violated the Open Meetings Law. The motion was granted.

## DISCUSSION

¶9. A motion to dismiss under Miss. R. Civ. P. 12(b)(6) raises an issue of law. *T.M. v. Noblitt*, 650 So. 2d 1340, 1342 (Miss. 1995); *Tucker v. Hinds County*, 558 So. 2d 869, 872 (Miss. 1990); *Lester Eng'g Co. v. Richland Water & Sewer Dist.*, 504 So. 2d 1185, 1187 (Miss. 1987). We conduct a de novo review of questions of law. *Noblitt*, 650 So. 2d at 1342; *UHS-Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc.*, 525 So. 2d 746, 754 (Miss. 1987). When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. *Noblitt*, 650 So. 2d at 1342; *Overstreet v. Merlos*, 570 So. 2d 1196, 1197 (Miss. 1990); *DeFoe v. Great S. Nat'l Bank*, 547 So. 2d 786, 787 (Miss. 1989); *Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc.*, 521 So. 2d 857, 859 (Miss. 1988).

### I. WHETHER THE COURT ERRED WHEN IT HELD THAT THE CITIZENS SEEKING REVIEW OF THE MUNICIPAL ACTION LACKED STANDING.

¶10. The residents argue that they have standing, and even if they did not, they should have had a hearing on the issue.

¶11. The subject ordinance at issue is set out as follows:

Article I. Tree Protection, § 8-1. Purpose and intent.

(a) The purpose of this article is to regulate, control and promote the planting of trees, to encourage the protection of existing trees in the streets and public grounds with the city, to regulate the preservation, replacement and indiscriminate removal of trees on private property, both on unimproved lands and on land which has heretofore been improved to any extent whatsoever, and to establish procedures and practices for fulfilling these purposes.

(b) The intent of this article is to encourage the protection of existing trees and to promote the planting of additional trees in order to facilitate the control of soil conservation, air pollution and noise and to enhance the beauty, health and safety of the environment for the city.

Gulfport City Ordinances, No. 1841, § 1, 6-20-89.

¶12. Miss. Code Ann. § 11-51-75 (1972) states in relevant part:

> Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

¶13. We have recently addressed what is required for a party to have standing to bring a civil action:

> It is well settled that "Mississippi's standing requirements are quite liberal." This Court has explained that while federal courts adhere to a stringent definition of standing, limited by Art. 3, § 2 of the United States Constitution to a review of actual cases and controversies, the Mississippi Constitution contains no such restrictive language. Therefore, this Court has been "more permissive in granting standing to parties who seek review of governmental actions ." In Mississippi, parties have standing to sue "when they assert a colorable interest in the subject matter of the litigation or experience an adverse effect from the conduct of the defendant, or as otherwise provided by law."

*State v. Quitman County*, 807 So.2d 401, 405 (Miss. 2001) (citations omitted).

¶14. In *City of Madison v. Bryan*, 763 So. 2d 162 (Miss. 2000), Bryan filed a bill of exceptions in the circuit court after he was not granted a building permit and other approvals for the construction of some apartments. *Id.* at 163. The circuit court originally ruled in his favor, but reversed itself when it discovered that Bryan did not own the subject property, as Bryan's option to buy the land had expired. On appeal we found that Bryan lacked standing to challenge the municipality's action pursuant to § 11-51-75, in the absence of demonstrating "that the City's action had an adverse effect on property which he has an interest." *Id.* We placed the burden on Bryan to demonstrate a specific impact or harm felt by him that was not suffered by the general public. *Id.* at 166. *See also* *White Cypress Lakes Dev. Corp. v. Hertz*, 541 So. 2d 1031 (Miss. 1989); *Luter v. Oakhurst Assocs., Ltd.,* 529 So. 2d 889 (Miss. 1988); *Belhaven Improvement Ass'n, Inc. v. City of Jackson*, 507 So. 2d 41 (Miss. 1987).

¶15. We must determine whether the residents have asserted a colorable interest in the subject matter of the litigation or experienced an adverse effect different from the general public. They clearly do not own the property in question. Neither have they alleged that they own the land around the property in question, or that the land has been affected in an adverse manner. However, they do argue that their residences in the City of Gulfport gives them standing.

¶16. Miss. Code Ann. § 11-51-75 outlines the proper procedure to appeal when someone is aggrieved by a decision of a municipality. It does not in any way confer standing. The residents do not have a colorable interest in the subject matter of the litigation. Neither have they experienced adverse effects different from the general public. Further, the mere fact that they reside in the City is not sufficient to confer standing. They, therefore, have no standing.

¶17. Because the residents lacked standing to bring a civil action, there is no need to address whether their claims were moot.

## CONCLUSION

¶18. For the above reasons, we affirm the judgment of the Circuit Court of the First Judicial District of Harrison County dismissing the residents' complaint and action.

¶19. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. McRAE, P.J., COBB AND DIAZ, JJ., NOT PARTICIPATING.**

1. Seeking a New Direction, Inc., is not a party to this appeal.