950 So.2d 254 (2007)
Harold BARR, Appellant
v.
HANCOCK COUNTY, Mississippi, Appellee.
No. 2005-CA-01573-COA.
Court of Appeals of Mississippi.
February 27, 2007.
William Compton Helm, attorney for appellant.
Trace D. McRaney, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. Harold Barr appeals the trial court's decision granting summary judgment to Hancock County on the grounds that Hancock County was entitled to sovereign immunity from Barr's complaint for personal *256 injury. Finding no error, this Court affirms.

FACTS AND PROCEDURAL HISTORY
¶ 2. On May 23, 2002, Harold Barr sustained personal injuries when he fell from his bicycle while riding on or near Leake Street in Hancock County, Mississippi. Hancock County recently had either installed or upgraded a culvert on that street to address a drainage problem. Once the work on the culvert was completed, Hancock County backfilled the gap in the road with a dirt mixture. Barr contended that while riding along the street, his tire sunk into the backfill material, causing him to fall and sustain serious personal injuries.
¶ 3. Barr's complaint, filed November 12, 2003, alleged that Hancock County was negligent in failing to ensure that "the roadway" was safe and in good condition and in failing to discover and warn Barr of defects and unsafe conditions in "the roadway." In his deposition, Barr stated that he believed that Hancock County should have re-paved the road rather than using fill dirt.
¶ 4. Hancock County filed a motion for summary judgment on July 29, 2004. In its motion, Hancock County argued that the decision to maintain the roadway by backfilling the area around the culvert was a discretionary duty. Specifically, Hancock County argued that the decision was related to the maintenance of roadways, an area which is considered a discretionary function of government; therefore, Hancock County was entitled to sovereign immunity under Mississippi Code Annotated Section 11-46-9(1)(d) (Rev.2004).
¶ 5. In opposition to the motion for summary judgment, Barr argued that the replacement of culverts was a ministerial function rather than a discretionary function under Mississippi Code Annotated Section 65-21-1 (Rev.2002). Barr further argued that ministerial functions are imposed by law and are not subject to sovereign immunity.
¶ 6. The trial court held that Mississippi Code Annotated Section 65-21-1 was inapplicable and that Hancock County's decisions regarding the installation of the culvert and the resulting road repair and maintenance were discretionary functions of government. Accordingly, the trial court held that Hancock County was entitled to sovereign immunity. The trial court further held that the failure to place warning signs was not a factor in Barr's accident, as Barr was aware of the roadway conditions at the time of his accident. Notwithstanding Barr's knowledge of the roadway conditions, the trial court also held that placement of warning signs was a discretionary function; therefore, Hancock County was immune from suit.

STANDARD OF REVIEW
¶ 7. In reviewing a trial court's decision on a motion for summary judgment, the Court follows the same standard set forth in Mississippi Rule of Civil Procedure 56(c). See McMillan v. Rodriguez, 823 So.2d 1173, 1176(¶ 9) (Miss.2002)
This Court employs a de novo standard of review of a lower court's grant or denial of a summary judgment and examines all the evidentiary matters before it-admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial *257 of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of the doubt.
Id. at 1176-77(¶ 9) (citations omitted).

ANALYSIS
¶ 8. In reviewing the record, the Court finds that there is no dispute regarding the facts of this case. Barr sustained injuries while riding his bike across a section of a paved road that Hancock County had recently dug up to work on or install a culvert. Barr testified in his deposition that his tire became stuck in the backfilled area and caused him to fall. As a result of the fall, he suffered a broken leg that has required two surgeries and ongoing medical care. Barr further testified in his deposition that he was aware of the condition of the roadway, having traveled it by car approximately ten times and by bicycle two or three times prior to his accident. Barr believed that the accident would not have occurred had Hancock County repaved the road so that it was returned to its original condition.
¶ 9. Hancock County is a political subdivision of the State of Mississippi and is subject to the Mississippi Tort Claims Act. See Miss.Code Ann § 11-46-1 through § 11-46-23 (Rev.2002). Under the Mississippi Tort Claims Act, the state and its political subdivisions are "immune from suit at law or in equity on account of any wrongful or tortious act or omission or breach of implied term or condition of any warranty or contract . . ." except as waived by statute. Miss.Code Ann. §§ 11-46-3 to 11-46-5. The Mississippi Tort Claims Act also preserves sovereign immunity in specific circumstances. The relevant portion of the statute states as follows: "(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: . . . (d) [b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;. . . ." Miss.Code Ann. § 11-46-9(1)(d).
¶ 10. To determine whether an act or a failure to act is a discretionary function, the Mississippi Supreme Court has used a two-part test: "(1) whether the activity involved an element of choice or judgment, and if so; (2) whether the choice or judgement in supervision involves social, economic or political policy alternatives." Jones v. Miss. Dep't of Transp., 744 So.2d 256, 260 (¶¶ 9-10) (Miss.1999). "Conversely, conduct will be considered ministerial, and, therefore, immunity will not apply, if the obligation is imposed by law leaving no room for judgment." Doe v. State ex rel. Miss. Dep't of Corr., 859 So.2d 350, 356(¶ 23) (Miss.2003) (citing Leflore County v. Givens, 754 So.2d 1223, 1226(¶ 6) (Miss.2000)).
¶ 11. Hancock County argues that the decision to backfill the area around the culvert was a discretionary function and that Hancock County is immune from liability. Barr cites Mississippi Code Annotated Section 65-21-1, which regulates some aspects of culvert construction, and argues that the completion of the work on the culvert was not a discretionary function but a ministerial duty. Mississippi Code Annotated Section 65-21-1 states in pertinent part that "[a]ll culverts hereafter built, rebuilt, or placed in any public road in this state shall be not less than the full width of the crown of the roadway, and *258 shall have guide or warning posts on either side."
¶ 12. This Court agrees with the trial court that "the Plaintiff's claim against Hancock County is based upon a claim that Hancock County negligently maintained or repaired the roadway where the culvert was installed" and that Mississippi Code Annotated Section 65-21-1 is inapplicable in this case. Barr does not argue that the culvert does not meet the guidelines set forth in the statute but rather that "the placement of a culvert" is a ministerial function of government. The Court does not find this argument persuasive.
¶ 13. The statute plainly states that certain construction requirements must be met once a governmental entity determines that a culvert is needed. Additionally, the statute only sets forth the minimum requirements to be met with regard to the construction of culverts. See Mohundro v. Alcorn County, 675 So.2d 848, 854 (Miss.1996). Any decisions made outside of those minimum requirements are discretionary functions of government.
¶ 14. In this case, Barr argues that Hancock County should have re-paved the road rather than completing the construction with the use of fill dirt; therefore, the construction or repair of the culvert is incidental to the analysis, as it is the condition of the road and not the culvert itself that Barr contends caused his accident. Road maintenance and repair have long been held to be a discretionary function of government. See, e.g., Brewer v. Burdette, 768 So.2d 920, 923(¶ 17) (Miss.2000); Lang v. Bay St. Louis/Waveland School Dist., 764 So.2d 1234, 1239(¶ 19) (Miss.1999); Mohundro, 675 So.2d at 854 (summarizing a series of cases in which road maintenance and repair are held to be discretionary functions).
¶ 15. The Court holds that the placement of a warning sign at the culvert would be considered a ministerial function, as set forth in Mississippi Code Annotated Section 65-21-1; however, Barr can cite no facts which would support a finding that Hancock County's failure to set up a warning sign proximately caused his injury. Without proof of causation, Barr's negligence claim must fail. See, e.g., Miss. Dep't of Transp. v. Cargile, 847 So.2d 258, 262(¶ 11) (Miss.2003).
¶ 16. Barr's complaint and his own testimony foreclose any findings that Hancock County's failure to erect warning signs at the culvert caused the accident. Barr's complaint specifically refers to defects in the roadway and Hancock County's failure to warn of defects in the roadway. Additionally, his deposition testimony reflects that the condition of the road, and not the culvert itself, caused the accident. Finally, Barr testified that he was aware that the culvert had been constructed and was aware of the condition of the road, having traveled that section multiple times by car and by bicycle. Accordingly, Hancock County's failure to perform their ministerial duty by placing warning signs at the culvert did not contribute to Barr's injuries, and his claim must fail as a matter of law.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.