CARLTON, J.,
CONCURRING IN RESULT ONLY:
¶ 35. The majority concludes that Principal Carr fulfilled his inquiry and reporting obligations concerning whether a student enrolled in his school was being abused by a teacher. I disagree and write separately to comment on the duty to investigate, and express my opinion that, under T.M. v. Noblitt, 650 So.2d 1340, 1344-45 (Miss.1995), Principal Carr should have done more in the way of investigation to fulfill his statutory duty.
¶ 36. As noted by the majority, this case was tried by a judge sitting as the finder of fact, and factual determinations made by the trial judge are reviewed using the substantial evidence standard. Classic Coach, Inc. v. Johnson, 823 So.2d 517, 520(8) (Miss.2002). This Court is limited in its review and may not reverse those findings unless the trial judge was manifestly wrong or clearly erroneous. Singley v. Smith, 844 So.2d 448, 451(9) (Miss.2003) (citation omitted).
¶ 37. In Noblitt, our supreme court discussed the ministerial duty to investigate placed upon a principal under Mississippi Code Annotated section 43-21-353 (Rev. 2006), stating as follows:
[T]he statute first requires that person to make a determination of whether “reasonable cause” exists as a foundation for an incident report. To that end, some investigation or other action on the official’s part must be undertaken. The actual determination of whether reasonable causes exists, however, is clearly a decision involving the exercise of personal judgment and discretion. Obviously, if Noblitt investigated and concluded she lacked reasonable cause to support an abuse report, the statute would require her to take no further action. To the contrary, if Noblitt did investigate and determine reasonable cause existed to support the complaint, § 43-21-353 mandated that [the principal] issue an immediate oral report to the Department of Human Services stating the basis of any known information surrounding the complaint.
Noblitt, 650 So.2d at 1344-45.
¶ 38. The majority opinion focuses on section 97-5-24, which requires school officials to report any type of accusation of sexual involvement of a school official with a student when there is a “reasonable basis to believe that such accusation is true.” The majority also admits that the “reasonable grounds to suspect” standard of section 43-21-353 is lower, and thus, more easily satisfied than the “reasonable basis to believe” standard of section 97-5-24. Adhering to my position that section 43-21-353 is applicable in the case at bar, I respectfully submit that the implicit, ministerial duty to investigate under section 43- *424 21-353, as recognized in Noblitt, should be equally, if not more stringently, applied to the higher standard of section 97-5-24 once an allegation or rumor of inappropriate sexual conduct with a student reaches the ears of a school official.
¶ 39. In the instant case, Principal Carr failed to meet his duty to investigate under either section 97-5-24 or section 43-21-353. Upon hearing the first rumor from the school secretary, Principal Carr merely “observed” to see if he saw any inappropriate behavior, checked to make sure Wise was where he was supposed to be, and “kept his eyes and ears open” when moving through the hallways. After the same rumor had again been brought to his attention by the superintendent, who received the information from a board member, Principal Carr merely inquired of the alleged suspect as to whether there was any truth to the allegation. Naturally, Principal Carr received a denial of any amiss relationship from Wise. Principal Carr had also previously been asked by Wise’s wife that the girls not be placed in any of Wise’s classes. The record does not reflect that any inquiry was had of the alleged victim, Jane, by any of the appropriate authorities, or that any measure was put in place to prevent further contact between the suspected abuser and the victim. Moreover, Principal Carr failed to seek advice from Phil Tutor, the school board attorney, as to what actions would be sufficient to take upon the receipt of such an allegation.
¶ 40. Principal Carr’s observation and inquiry of the suspected abuser were patently insufficient to make a determination of whether there was “reasonable cause to suspect” or a “reasonable basis to believe” that the accusation was true. Obviously, offenses of this type will not normally occur “in the light of day,” and a rumor which alleges that an inappropriate relationship may be afoot between a specifically identified teacher and student should be meaningfully investigated by school officials to determine the veracity of the allegation. Allegations of this type must not fall on deaf ears, and those in such a position of care over children must not turn a blind eye to such allegations in then-investigation into these matters.
¶ 41. While I cannot say that the trial judge’s findings were clearly erroneous given the amount deference accorded to them, I write separately to comment on the duty to investigate, as pronounced in the Noblitt decision. I suggest that the duty to investigate necessitates that some meaningful investigation be undertaken.
MYERS, P.J. AND CHANDLER, J., JOIN THIS OPINION.