GRIFFIS, J„
 

 for the Court.
 

 ¶ 1. Carl Fisher commenced a lawsuit against the Lauderdale County Board of Supervisors for damage to his timberland. The Board of Supervisors moved for summary judgment and claimed immunity under the Mississippi Tort Claims Act (“MTCA”). The circuit court granted the motion. Fisher appeals and argues that summary judgment was not proper because the Board of Supervisors’ actions were not entitled to governmental immunity. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Fisher owns approximately eighty-two acres of timberland in Lauderdale County near Beaver Pond Road and Ponta Creek. In April 2003, the area received ten inches of rain on two separate occasions. These rains caused the area, including Fisher’s property, to flood and the culverts and roads to wash out.
 

 ¶ 3. According to Fisher, beavers built dams along the culverts and the public road. He claims he notified the county of the beaver problem on several occasions and that the county failed to clear the beaver dams and debris from the culverts. During the two heavy rains, the debris restricted the flow of water through the culverts and caused his property to flood. Fisher claimed that his property sustained long-term irreversible damage due to this flooding.
 

 II4. Fisher’s lawsuit argued that the Board of Supervisors improperly sized and installed the drainage culverts in the area. Based on his account of the facts, it appears that Fisher means the culverts did not have the capacity to accommodate the
 
 *970
 
 necessary amount of water because they were too small.
 

 ¶ 5. The Board of Supervisors moved for summary judgment and claimed immunity. Mississippi Code Annotated section 11-46-9(l)(d) (Supp.2008) provides immunity for governmental entities performing discretionary functions. The Board of Supervisors argued that the installation and maintenance of the culverts were discretionary functions because they were not imposed on them by law.
 

 ¶ 6. Mississippi Code Annotated section 65-21-1 (Rev.2005) states that “[a]ll culverts hereafter built, rebuilt, or placed in any public road in this state shall be not less than the full width of the crown of the roadway, and shall have guide or warning posts on either side.” The circuit court determined that this statute established a minimum requirement for a culvert and any decision outside of the minimum requirement was a discretionary function. The circuit court also found that the maintenance and repair of roads was a discretionary function of government. Hence, the circuit court concluded that the Board of Supervisors was entitled to immunity under section 11 — 46—9(l)(d) and granted its motion for summary judgment.
 

 STANDARD OF REVIEW
 

 ¶ 7. This Court employs a de novo standard of review of a trial court’s grant of summary judgment.
 
 Mozingo v. Scharf,
 
 828 So.2d 1246, 1249(¶5) (Miss.2002). When there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law, summary judgment is proper.
 
 Id.
 
 “The burden of demonstrating that there is no genuine issue of material fact falls on the party requesting the summary judgment.”
 
 Id.
 
 If any genuine issues of material fact exist, the trial court’s grant of summary judgment will be reversed; otherwise, the decision will be affirmed.
 
 Id.
 

 ANALYSIS
 

 ¶8. Fisher argues that the damage to his property was the result of the Board of Supervisors’ gross negligence in the installation and maintenance of the culverts. In response, the Board of Supervisors asserts that Mississippi Code Annotated section 11 — 46—9(l)(d) grants it immunity “[biased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused[.]”
 

 ¶9. The question before this Court is whether the installation and maintenance of the culverts were discretionary functions. The supreme court has held that “[a] duty is discretionary if it requires the official to use [his or her] judgment and discretion in the performance thereof.”
 
 T.M. v. Noblitt,
 
 650 So.2d 1340, 1343 (Miss.1995) (citation omitted). In contrast, the supreme court stated that a duty is ministerial if it “has been positively imposed by law and its performance [is] required at a time and in a manner or upon conditions which are specifically designated.”
 
 Id.
 
 at 1344 (citation omitted).
 

 A. The Installation of Culverts
 

 ¶ 10. Fisher points to statutory authority regarding culverts as proof that the installation and size of the culverts were not discretionary and, therefore, not immune as discretionary functions under section 11 — 46—9(l)(d).
 

 ¶ 11. Section 65-21-1 provides: “All culverts hereafter built, rebuilt, or placed in any public road in this state shall be not less than the full width of the crown of the roadway, and shall have guide or warning posts on either side.” This statute does not impose any obligation on the Board of
 
 *971
 
 Supervisors to install culverts. It merely sets the minimum length for a culvert — the width of the road — if the Board of Supervisors should decide to install a culvert. This Court has held that “[a]ny decisions made outside of those minimum requirements are discretionary functions of government.”
 
 Barr v. Hancock County,
 
 950 So.2d 254, 258(¶ 13) (Miss.Ct.App.2007).
 

 ¶ 12. Fisher does not argue that the Board of Supervisors did not meet the minimum requirements of section 65-21-1. Rather, Fisher argues that the culverts were improperly installed and sized.
 

 ¶ 13. The statute does not address the size of a culvert — only the length. It leaves the size of the culvert to the discretion of the Board of Supervisors. We find that while section 65-21-1 sets the minimum length for a culvert, the statute does not make the sizing and installation of a culvert ministerial; therefore, these functions are entitled to immunity under section ll-46-9(l)(d) as a discretionary function.
 

 B. The Installation of Culverts under Section 11-16-9 (l)(b)
 

 ¶ 14. Next, Fisher claims the Board of Supervisors did not use ordinary care when installing the culverts and that section 11 — 46-9 requires a minimum standard of ordinary care be exercised in order to raise the statutory shield. Mississippi Code Annotated section ll-46-9(l)(b) (Supp.2008) provides that:
 

 A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [a]rising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform,
 
 a staUite, ordinance or regulation,
 
 whether or not the statute, ordinance or regulation be valid.
 

 (Emphasis added).
 

 ¶ 15. As we have already stated, the only applicable statute, section 65-21-1, establishes a minimum length for culverts; it does not, however, impose any duty on the Board of Supervisors to install culverts under certain conditions or to size the culverts in a particular way. There is no allegation that the Board of Supervisors did not meet the minimum requirement of section 65-21-1. This argument is without merit.
 

 C. The Maintenance of Culverts
 

 ¶ 16. Lastly, we address Fisher’s claim that the Board of Supervisors and supervisor Jimmy Smith are liable because they negligently maintained the culvert. The Board of Supervisors argues that road maintenance is a discretionary function and entitled to immunity under section 11-46-9(l)(d). “Generally [the supreme court has] found individual supervisors, as well as County Boards of Supervisors, to be immune from liability for injuries sustained as a result of the negligent maintenance of public roads.”
 
 Coplin v. Francis,
 
 631 So.2d 752, 753 (Miss.1994) (citations omitted). “However, this qualified immunity only affords protection against suits arising out of the performance of discretionary duties.”
 
 Mohundro v. Alcorn County,
 
 675 So.2d 848, 853 (Miss.1996) (citing
 
 Coplin,
 
 631 So.2d at 753;
 
 Davis v. Little,
 
 362 So.2d 642, 644 (Miss.1978)).
 

 ¶ 17. In
 
 Mohundro,
 
 the supreme court stated that:
 

 A supervisor or other public official has no immunity to a civil action for damages if his breach of a legal duty cause[s] injury and (1) that duty is ministerial in nature, or (2) that duty involves the use of discretion and the governmental actor greatly or substantially
 
 *972
 
 exceeds his authority and in the course thereof causes harm, or (3) the governmental actor commits an intentional tort.
 

 Id.
 
 at 853 (quoting
 
 Grantham v. Miss. Dep’t of Corrs.,
 
 522 So.2d 219, 225 (Miss. 1988) (internal quotations omitted)).
 

 ¶ 18. The supreme court has held that “road maintenance and repair are discretionary rather than ministerial functions.”
 
 Id.
 
 Because this is a discretionary function, Smith’s immunity is determined by whether his actions “greatly or substantially exceeded] his authority.”
 
 Id.
 

 ¶ 19. In
 
 Mohundro,
 
 there was a genuine issue of material fact regarding whether the supervisor, who was named as a party in the litigation, greatly or substantially exceeded his authority.
 
 Id.
 
 at 854. The supervisor decided to replace a bridge with a culvert, but he did not consult “the rest of the board or a professional engineer to see if a culvert would be sufficient.”
 
 Id.
 
 The supreme court found that this created a genuine issue of material fact regarding whether the supervisor greatly or substantially exceeded his authority when he unilaterally decided to replace a bridge with a culvert.
 
 Id.
 

 ¶20. Here, Fisher claims he talked to the road foreman at the county barn and with his county supervisor — Smith—several times about the culverts. Smith’s alleged failure to have the culverts cleaned is not akin to the actions of the supervisor in
 
 Mohundro,
 
 who replaced a bridge with a culvert without consulting the other supervisors or a professional engineer.
 

 ¶ 21. Even if Smith knew about the problem and did not act, Fisher did not name Smith individually as a party and fails to show how Smith exceeded his authority. The failure to exercise or perform a discretionary duty is protected under section ll-46-9(l)(d), “whether or not the discretion be abused.” After viewing all the facts, we find there is no genuine issue of material fact concerning maintenance of the culvert.
 

 1122. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.