LEE, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. George Dunbar Prewitt, Jr., filed a defamation action against P. Scott Phillips in the Circuit Court of Washington County. The alleged defamatory statements were made in connection with Phillips’s representation of Dr. David Lee in a civil action styled George Dunbar Prewitt v. David Howell Lee, cause number 2003- *398 233, filed in the Washington County Circuit Court.
¶ 2. Phillips filed a motion pursuant to Mississippi Rule of Civil Procedure 12(b)(6) to dismiss the complaint for defamation filed by Prewitt. The trial court granted Phillips’s motion to dismiss, finding that Prewitt’s complaint failed to state a cause of action upon which relief could be granted because the alleged defamatory statements were made in the course of a judicial proceeding and, therefore, were privileged. Prewitt now appeals, asserting that the trial court erred in granting Phillips’s motion to dismiss.
FACTS
¶ 3. Both parties are licensed attorneys in the State of Mississippi. Prewitt represented himself, and Phillips represented Dr. Lee in the case in which Prewitt alleges the defamation occurred. During the pendency of Prewitt v. Lee, Phillips made a motion to dismiss the complaint against Dr. Lee and a motion for sanctions against Prewitt for violations of Mississippi Rule of Civil Procedure 11(b) and the Lawyer’s Creed. To support his motion for sanctions, Phillips attached docket sheets from another civil action in the United States District Court for the Northern District of Mississippi in which Prewitt was assessed sanctions and attorney’s fees.
¶ 4. The attachment of the docket sheets by Phillips led Prewitt to file the defamation action. Prewitt’s basis for his complaint was that although sanctions were filed against him in the district court, the sanctions were not due to his behavior; rather, the sanctions were retaliation by certain members of the federal judiciary after he pointed out to them “a little-noticed, 1973 Voting Rights Act violation” that made them appointments as judges illegal. Prewitt also takes issue with Phillips’s response to a motion that he filed in which Prewitt alleges that Phillips characterized his filing as “incoherent,” “nonsensical,” “incomprehensible,” and “less than candid.”
STANDARD OF REVIEW
¶ 5. A motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint and raises an issue of law. T.M. v. Noblitt, 650 So.2d 1340, 1342 (Miss.1995); Taylor v. S. Farm Bureau Cas. Co., 954 So.2d 1045, 1047(¶ 3) (Miss.Ct.App.2007). This Court conducts a de novo review of questions of law. Noblitt, 650 So.2d at 1342. “When considering a motion to dismiss, the allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. “[T]he decision to grant or deny a motion to dismiss is in the discretion of the trial court and will not be reversed unless that discretion is abused.” State Indus., Inc. v. Hodges, 919 So.2d 943, 945(¶ 2) (Miss.2006).
DISCUSSION
¶ 6. Prewitt argues that the docket sheet filed by Phillips which shows that sanctions were filed against Prewitt had no relevance to the underlying action and, therefore, should have been excluded. Phillips asserted in his answer to Prewitt’s complaint that the documents were privileged because they were part of a judicial proceeding. In the alternative, Phillips asserted truth as a defense to defamation. Prewitt argues that Phillips cannot use the defense of truth because the claims against him were false. Specifically, Prewitt argues that the sanctions were illegal retaliation by certain members of the federal judiciary after he told them that their ap *399 pointment as judges was in violation of the Voting Rights Act of 1973.
¶ 7. “Statements made in connection with judicial proceedings, including pleadings, are, if in any way relevant to the subject matter of the action, absolutely privileged and immune from attack as defamation .... ” McCorkle v. McCorkle, 811 So.2d 258, 266(¶ 18) (Miss.Ct.App.2001). However, “[tjhere is precedent indicating that the presence of malice prohibits the assertion of judicial privilege.” Id.
¶ 8. Because Phillips attached the docket sheets in support of a motion in connection with a judicial proceeding, we find that the documents filed were privileged and immune from a complaint for defamation. The docket sheets were related to Phillips’s action because Phillips’s claim was that Prewitt should be sanctioned pursuant to Rule 11(b), and the docket sheets reflected that Prewitt had been sanctioned pursuant to Rule 11 in another action by another court. The docket sheets were public record, and there is no indication that they were filed by Phillips with malice.
¶ 9. Therefore, we find that the trial court did not abuse its discretion in granting Phillips’s motion to dismiss.
¶10. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ, CONCUR. BARNES, J., CONCURS IN RESULT ONLY. KING, C.J., AND IRVING, J., NOT PARTICIPATING.