LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Ray Fountain and SKL Investments, Inc. (SKL) verbally discussed a purchase contract for certain realty located in Adams County, Mississippi. The agreement was memorialized in writing and signed by SKL’s representative, Ashley Carroll, on January 23, 2007. On February 28, 2007, Fountain signed the purchase contract and returned it to SKL with his February payment of $300. A payment of $300 had already been received on January 22, 2007. The record does not contain information regarding when SKL mailed the purchase contract to Fountain or when Fountain received it.
 

 ¶ 2. The purchase contract contained the following language:
 

 The purchase price is only $3000 (three thousand dollars and zero cents) to be paid in 10 consecutive monthly payments of $300. The monthly payment will be due on the 23rd of each month with the next monthly payment being due on or before
 
 February 23, 2007.
 
 January’s monthly payment has already been received.
 

 If payment is not received within 10 days of the due date, the payment will be late and the purchaser will be charged a $25.00 late fee. If the payment is not received within 30 days of the due date the purchaser will be in default, and this contract will be a nullity at seller’s option. Payment shall be deemed to be made when received by SKL Investments.
 

 Upon receipt of final payment, Seller will issue a quitclaim deed to the Purchaser. ...
 

 All offers are on a first come first served basis only, and until good funds have been received, confirmed,
 
 *211
 
 and accepted, we reserve the right to refund or withdraw the proposed sale at any time. All tax deeds are sold “as is” and “where is.” All sales are final.
 

 ¶ 3. Attached to the purchase contract was a payment schedule, which showed the amount of $800 due on January 23, 2007, and on the 23rd day of each month thereafter. The payment schedule showed that $300 had been received on January 22, 2007, by a person with the initials “L.L.” In the row containing the due date of February 23, 2007, $300 is handwritten in the “amount received” column, and the number 110270 is handwritten in the “check number” column. There is no indication as to when the February payment was received.
 

 ¶ 4. Fountain hand delivered the March payment to SKL on March 19, 2007. Shortly thereafter, SKL returned all of Fountain’s payments. The record does not reflect whether SKL negotiated the payments or how SKL refunded Fountain’s payments.
 

 ¶ 5. On March 28, 2007, SKL conveyed the property in question to Alton Hall. Thereafter, Fountain filed suit against SKL and Hall seeking specific performance of the purchase contract, the setting aside of the deed to Hall, and damages. The contract in question was attached to the complaint.
 

 ¶ 6. SKL filed a motion to dismiss pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure. After hearing arguments from both parties, the chancellor granted SKL’s motion to dismiss, finding that SKL had made acceptance of the purchase contract by February 23, 2007, a condition of its offer to Fountain.
 

 ¶ 7. Fountain now appeals, asserting the following: (1) the chancellor erred in dismissing the action without a hearing on the merits, and (2) the chancellor erred in holding that there was no binding contract between the parties. Finding reversible error in regard to the second issue, our resolution of the second issue is dispositive of this appeal.
 

 STANDARD OF REVIEW
 

 ¶ 8. The Court will not disturb a chancellor’s findings if they are supported by substantial evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard.
 
 Sanderson v. Sanderson,
 
 824 So.2d 623, 625-26 (¶ 8) (Miss.2002). The principle of “manifest error” applies only to findings of fact.
 
 Boggs v. Eaton,
 
 379 So.2d 520, 522 (Miss.1980). However, we review the grant or denial of a motion to dismiss de novo.
 
 Harris v. Miss. Valley State Univ.,
 
 873 So.2d 970, 988 (¶ 54) (Miss.2004).
 

 DISCUSSION
 

 ¶ 9. A motion to dismiss under Rule 12(b)(6) raises the issue of whether the complaint states a claim upon which relief can be granted. “When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.”
 
 Harris,
 
 873 So.2d at 988 (¶ 54) (citing
 
 T.M. v. Noblitt,
 
 650 So.2d 1340, 1342 (Miss.1995)).
 

 ¶ 10. According to Fountain’s complaint and the attached contract, SKL agreed to sell the property to Fountain for $3,000. Fountain was to pay $300 per month for ten months. The contract noted that one monthly payment had already been accepted. The contract states that Fountain had a grace period of ten days to make a payment after the due date. Fountain
 
 *212
 
 made the second payment on February 28, which was within the ten-day grace period. SKL accepted this payment and another payment in March. According to the contract, the monthly payment was due within thirty days after the due date. If any payment was received after this thirty days, then Fountain would be in default, and SKL had the option to terminate the contract. Fountain made three payments that were accepted by SKL according to the terms of the contract.
 

 ¶ 11. It is clear that the parties entered into an agreement for Fountain to buy the property from SKL for $3,000, a fact which neither party disputes. In finding that there was no binding contract between the parties, the chancellor went beyond the scope of Rule 12(b)(6). We find that Fountain’s complaint is legally sufficient to withstand SKL’s motion to dismiss; thus, we reverse and remand.
 

 ¶ 12. THE JUDGMENT OF THE ADAMS COUNTY CHANCERY COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
 

 KING, C.J., MYERS, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR. IRVING, J., NOT PARTICIPATING.